UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JIMMY J. MICIUS, and<br>ELSIE M. MAYARD,<br><br>          Plaintiffs,<br><br>v.<br><br>NORTHERN STATES POWER<br>COMPANY, d/b/a EXCEL ENERGY,<br>PATRICK, BOLAND, MARY LYNN<br>JAHNKE, KELLY, BOOKER, LISA, MARTI,<br>ATTORNEY GENERAL STATES OF<br>MINNESOTA, TIM, PAWLENTY,<br>ROBERT, KESSLER, CITY OF SAINT<br>PAUL, SAINT PAUL POLICE<br>DEPARTMENT, CHIEF OF POLICE,<br>JOHN, HARRINGTON, et al.,<br><br>          Defendants. | Civil No. 08-5854 (MJD/FLN)<br><br>**REPORT AND<br>RECOMMENDATION** |

    This case is before the undersigned United States Magistrate Judge on Plaintiffs' applications for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket Nos. 2 and 3.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiffs' IFP applications be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiffs' complaint is nearly incomprehensible.  One segment of the complaint, which illustrates what the entire pleading is like, reads as follows:

> "Xcel Energy getting help from States official and City official to cause injuries to the Plaintiffs.  City of Saint Paul Action is unreasonable the City of Saint Paul and States Abuse the Power gives to them.  Xcel Energy unreasonable invasion the plaintiff's Privacy rights and cause a nuisance and cause the plaintiff's badly harm and affect the Plaintiffs.  And deprive the plaintiff's First Amendment rights Under the U.S. Constitution and Fourth Amendment Rights and Fourteenth Amendment right under the U.S. Constitution the defendants cause badly harm to the plaintiff's City of Saint Paul And Xcel Energy constitute a trespass on the real property by individual Mayard family The City of Saint Paul and Xcel Energy deprive the plaintiff's life liberty and are Property without Due Process of the law unreasonable.  For about five month Xcel turn Off gas and utility off from are home refuse to provide the plaintiff's services and Xcel File complaint to the City of Paul for City to put the plaintiff in street to take the plaintiff Family home without due process of the law.  That is been board ranges the States and City of Saint Paul acting under color of law deprives the plaintiff's rights.  The City has No Jurisdiction City ordinance deprive the plaintiff's privacy rights City section 34.23 is Unconstitutional unreasonable also Public policy which the City ignores.  City of Saint Paul valuation of Equal protection under the law and discriminated against the plaintiff's Base of race nationality origin reprisal.  The City of Saint Paul and Xcel Energy violate Plaintiff's Constitutional rights and conspiracy of 42 U.S.C. 1985?  And malice."

(Complaint, [Docket No. 1], p. 2.)

The rest of the complaint is comprised of similar unintelligible accusations.  It appears that Plaintiffs may be attempting to sue Xcel Energy and the City of St. Paul for shutting off utility services to some property owned by Plaintiffs, but that is sheer speculation.  The allegations in the complaint do not actually describe any specific historical facts that could support any federal cause of action against any named Defendant.  Indeed, most of the Defendants listed in the caption of the complaint are not even mentioned in any of the "allegations" of the complaint.  Although the complaint does mention Xcel Energy and the City of St. Paul, it does not describe any <u>specific</u> wrongful acts or omissions by those

Defendants that could support a cause of action based on federal law.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which, if proven true, would entitle the plaintiff to some legal relief against the named defendant(s) based on some cognizable legal theory.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  Plaintiff's current complaint fails to meet this standard.  The complaint does not adequately describe what, specifically, any of the named Defendants allegedly did, (or failed to do), that supposedly violated Plaintiffs' rights under federal law, and it does not show that Plaintiffs have suffered, (or will suffer), any actual injury for which the named Defendants could be held legally responsible under any legal theory based on federal law.

Thus, the Court concludes that Plaintiffs' complaint fails to state a cause of action on which relief can be granted.  It follows that Plaintiffs' IFP applications must be denied, and this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Having determined that this action must be dismissed, the Court further recommends that Plaintiffs' collateral "Motion For Unjunction [sic] Relief And Restraining Order Rule 65(d)," (Docket No. 4), be summarily denied.

## RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' applications for leave to proceed in forma pauperis, (Docket Nos. 2 and

3), be DENIED;

 2.  Plaintiffs' "Motion For Unjunction [sic] Relief And Restraining Order Rule 65(d),"

(Docket No. 4), be summarily DENIED; and

 3.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 13, 2008

              s/ *Franklin L. Noel*
              FRANKLIN L. NOEL
              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 3, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.